# In the United States Court of Federal Claims

No. 11-895C

(Filed: October 3, 2012)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*

| | |
|---|---|
| EXTREME COATINGS, INC., | Contract Disputes Act; Failure of Contractor to Submit Claim to Contracting Officer Where Jurisdiction Exists as to Other Claims; Issuance of Stay for Contracting Officer to Issue Final Decision on Non-Identical Claim is in Best Interests of Judicial Efficiency. |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*

*Michael H. Payne,* with whom was *Lane F. Kelman,* Cohen Seglias Pallas Greenhall & Furman, P.C., Philadelphia, Pennsylvania, for Plaintiff.

*Elizabeth Anne Speck*, with whom were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Harold D. Lester, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER ON DEFENDANT'S
## MOTION FOR PARTIAL DISMISSAL

WHEELER, Judge.

On August 8, 2012, the Government filed a motion to dismiss portions of Extreme Coatings, Inc.'s ("ECI's") amended complaint for lack of subject matter jurisdiction. This case involves ECI's contract claim for money damages, and ECI's challenge to the accuracy of the procuring agency's Contractor Performance Assessment Reviews ("CPAR's"). The Government contends that ECI failed to fulfill the Contract Disputes Act's ("CDA's") jurisdictional requirements before filing suit in this Court because ECI did not submit a written claim to the contracting officer regarding the interim and final CPAR's. Def.'s Mot. to Dismiss 4. There is no dispute that ECI submitted a claim and received a contracting officer's final decision on the money damages portion of the case and that the Court has subject matter jurisdiction over this claim.

In response to the Government's motion, ECI asserts that it mooted this jurisdictional issue when it submitted a written claim to the contracting officer on September 7, 2012. Pl.'s Opp. 3. In that claim, ECI requested the contracting officer to issue a final decision on the final versions of the interim and final CPAR's. Id. ECI maintains that the contracting officer may render a final decision even though ECI filed this case at the Court before it submitted the written claim to the contracting officer. Id. at n.1. By contrast, the Government argues that the jurisdictional issue is not moot because the contracting officer does not have the authority to issue a final decision while the litigation is pending. Def.'s Reply Br. 3-4.

For the reasons stated below, the Government's motion to dismiss portions of ECI's amended complaint for lack of subject matter jurisdiction is DENIED, and the Court will STAY the proceedings for 30 days[1] to allow the contracting officer time to render a final decision on the final versions of the interim and final CPAR's. The Court deems it unnecessary and not in the best interests of judicial efficiency to dismiss the entire case to cure a jurisdictional defect in one portion of the case.

Background

On July 11, 2009, the United States Army Corps of Engineers, Omaha District, ("Government") awarded ECI a contract for $699,735.00 to repair sixteen spillway stop logs at Fort Peck, Montana. Def.'s Mot. to Dismiss 2; Ex. 1, 3. Spillway stop logs are "hydraulic engineering controls which are used in dams in order to temporarily stop the flow of water until such time as critical or emergency repairs can be performed." Pl.'s Am. Compl. 2.

The Government found ECI's work on the contract unsatisfactory and informed ECI that "unacceptable deficiencies existed in the work performed." Def.'s Mot. to Dismiss 2-3; Ex. 3. The contracting officer issued a draft interim CPAR on September 24, 2010, giving ECI unsatisfactory ratings in the areas of "Quality of Product or Service" and "Management of Key Personnel." Def.'s Mot. to Dismiss 3. ECI and the Government discussed the interim report in a meeting on September 30, 2010. Id.

The contracting officer issued a draft of a final CPAR on March 29, 2011, rating ECI "unsatisfactory" in the areas of "Quality of Product or Service," "Schedule," "Business Relations," and "Management of Key Personnel." Id. ECI formally requested a final decision on its CDA claim, seeking a reevaluation of its contract performance. Id. The Government denied ECI's request because the contracting officer had not finalized the draft CPAR. Id.

---

[1] The Court notes that 30 days is a reasonable period for a stay because the contracting officer has known about the issue presented for some time, and has had ECI's September 7, 2012 claim for nearly one month. It is unnecessary for the Court to allow more than 30 days where the required task is relatively straightforward.

On August 3, 2011, the contracting officer issued final versions of the interim and final CPAR's. Id. ECI filed a lawsuit on December 12, 2011 in this Court, requesting that "the Government [] withdraw the Interim and Final [CPAR's] from the Government database and/or issue revised [reports] which reflect satisfactory evaluations in all areas of assessment." Id. at 4. ECI also sought $49,960.20 for the costs to repair 38 roller bearing assemblies, "plus applicable interest, costs and attorneys' fees allowed by law, and for such other relief the Court deems appropriate." Pl.'s Am. Compl. 21; Ex. 6. The Government counterclaimed, seeking $50,497.59 for costs to perform "corrective action on several roller assemblies previously delivered to Fort Peck by [ECI]," plus interest and "other and further relief as the Court may deem just and proper." Def.'s Answer and Countercl. 25; Ex. 6. When ECI filed this lawsuit, it had not yet "submitted a claim to the contracting officer regarding the final versions of the interim and final Contractor Performance Assessment Reports." Def.'s Mot. to Dismiss 4. The contracting officer's final decision on May 24, 2011 only addressed ECI's monetary claim and the Government's claim for corrective action costs. Pl.'s Opp. 2-3; Ex. 6. ECI filed an amended complaint on May 7, 2012 and the Government filed its counterclaim on June 14, 2012. ECI subsequently filed a claim requesting a final decision from the contracting officer pursuant to the CDA for the interim and final CPAR's on September 7, 2012. Pl.'s Opp. 3.

Discussion

I.    Standard of Review

This Court has jurisdiction to render judgment upon any claim or dispute arising under the CDA. 28 U.S.C. § 1491(a)(2) (2006). Where subject matter jurisdiction is disputed, the plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

II.    Subject Matter Jurisdiction

In its motion to dismiss, the Government claims that the Court lacks subject matter jurisdiction over portions of ECI's amended complaint because the contracting officer did not issue a final decision on the final versions of the interim and final CPAR's. Def.'s Mot. to Dismiss 5-6. Before the Court has jurisdiction under the CDA, two fundamental requirements must be fulfilled: (1) the contractor must submit a written claim to the contracting officer, and (2) the agency must issue a final decision within 60 days. 41 U.S.C. §7103(a), (f) (2006); Deponte Invs., Inc. v. United States, 54 Fed. Cl. 112, 115 (2002). Although the CDA does not expressly define the term, a "claim" is "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain." England v. The Swanson Grp., Inc., 353 F.3d 1375, 1379 (Fed. Cir. 2004) (quoting 48 C.F.R. § 2.201).

If the contracting officer fails to issue a decision within 60 days, it is "deemed to be a decision" denying the claim, which allows the claimant to appeal or file a lawsuit on the claim.  § 7103(f)(5).  "Once a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation." Sharman Co. v. United States, 2 F.3d 1564, 1571 (Fed. Cir. 1993), overruled on other grounds by Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995).  "That exclusive authority divests the contracting officer of his authority to issue a final decision on the claim." Sharman, 2 F.3d at 1571-72 (citing Durable Metal Prods., Inc. v. United States, 21 Cl. Ct. 41, 46 (1990)).

Here, the Court has jurisdiction over the Government's counterclaim and ECI's monetary claims because the contracting officer rendered a final decision on both issues. Pl.'s Opp. 2.  The Court does not have subject matter jurisdiction, however, on ECI's claim on the final versions of the interim and final CPAR's, because ECI did not submit a written claim seeking a final decision until well after filing suit at the Court.  See Pl.'s Opp. 3 (filed claim on September 7, 2012).  Additionally, there is no "deemed denial" of ECI's claim because less than 60 days have passed since ECI submitted the written claim to the contracting officer.

III.     Whether the Contracting Officer's Authority Was Divested

The Government also contends that ECI did not moot the jurisdictional issue by submitting a written claim to the contracting officer because the filing of this lawsuit divested the contracting officer's authority to render a final decision on the final versions of the interim and final CPAR's.  Def.'s Reply Br. 3.  In arguing that the jurisdictional issue was not mooted, the Government relies on Sharman Co. v. United States, 2 F.3d 1564 (Fed. Cir. 1993).  See Def.'s Reply Br. 3.  The Government argues Sharman stands for the proposition that "the contracting officer does not possess the authority to decide claims . . . based upon the same set of operative facts as a matter that is in litigation." Id. Therefore, under the Government's reading of Sharman, because ECI's claims are "nearly identical," the contracting officer has no authority to decide ECI's claims.  Id. at 4.  The Court agrees with ECI's reading of Sharman, however, that its holding is limited to circumstances where an *identical* claim is before the Court.  Pl.'s Opp. 3.

Later cases affirm the Court's reading of Sharman.  Where two claims are not "mirror images," the authority of the contracting officer to decide the claims is not divested.  See Case, Inc. v. United States, 88 F.3d 1004, 1010-12 (Fed. Cir. 1996) ("That both *Case I* and *Case II* arose out of the same underlying set of facts and involved allegations of defective specifications does not alter the fact that the two cases involved different claims."); see also Buse Timber & Sales Inc. v. United States, 45 Fed. Cl. 258, 265 (1999) (holding "the fact [that] a claim involving a public contract is in litigation does not deprive the contracting officer of authority to decide a contractor['s] claim unless it is *identical* to the claim in litigation") (emphasis added).  Claims are identical "if each alleges the same entitlement to the same amount based on the same triggering

events, even if each is asserted under a different legal label." <u>Johnson Controls World Servs., Inc. v. United States</u>, 43 Fed. Cl. 506, 511 (1999) (citing <u>Sharman</u>, 2 F.3d at 1571).

Here, ECI's claims are not "mirror images," as the Government itself admits in its reply brief.  Def.'s Reply Br. 4 (stating the claims are "nearly identical").  A monetary claim and a claim asking for reevaluation of ECI's performance under the contract are distinct because neither asks for the "same entitlement to the same amount."  <u>Johnson Controls</u>, 43 Fed. Cl. at 511.  That both claims arise out of the same facts and involve allegations of defective specifications is of no moment, because one claim is for a reimbursement of costs, while the other claim asks the contracting officer to reevaluate ECI's performance under the contract.  ECI is not asking the Court to grant it monetary damages from the Government's negative evaluation of its performance.  Additionally, ECI's reevaluation claim is distinct from the Government's counterclaim for corrective action costs.  Thus, the contracting officer still possesses the authority to decide ECI's claim on the final versions of the interim and final CPAR's.

IV.    <u>Whether the Court Can Stay the Proceedings</u>

Though neither party explicitly requested a stay of the proceedings, in the interest of judicial economy, the Court will evaluate whether a stay is appropriate under the circumstances presented.  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . ." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936).  Thus, a court has the broad discretion to decide whether to stay proceedings. <u>Clinton v. Jones</u>, 520 U.S. 681, 683 (1997) (citing <u>Landis</u>, 299 U.S. at 254).  "Stays are particularly appropriate where they promote judicial economy, avoidance of confusion and possible inconsistent results."  <u>Birmingham Assocs. Ltd. v. Abbott Labs.</u>, 547 F. Supp. 2d 295, 302 (S.D.N.Y. 2008) (citations omitted).  A stay may be issued where it benefits the parties and assists resolution of the matter.  <u>See</u> <u>United Partition Sys., Inc. v. United States</u>, 59 Fed. Cl. 627, 641-42 (2004).

Here, issuing a stay would promote judicial economy because the other two, intertwined but not identical, claims are properly before the Court. <u>See</u> <u>Smith v. Gober</u>, 236 F.3d 1370, 1372 (Fed. Cir. 2001) (court held underlying facts of the claims were "so intimately connected" that they should be appealed together in the interests of judicial economy); <u>see also</u> <u>Northrop Corp. v. United States</u>, 27 Fed. Cl. 795, 804-05 (1993) (court refused to lift stay on discovery in the interests of judicial economy).  Furthermore, such a ruling would not work an undue hardship on the parties as the contracting officer would merely resolve one issue he already has the power to resolve in a relatively short time span.  <u>See</u> <u>Cherokee Nation v. United States</u>, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (explaining extensive stays "so immoderate or indefinite" may be an abuse of discretion).  Without a stay, the parties would be forced to re-file one part of the litigation despite the Court properly having jurisdiction over two out of the three claims.  <u>See</u> <u>Ultra-Precision Mfg. Ltd. v. Ford Motor Co.</u>, 338 F.3d 1353, 1359 (Fed. Cir. 2003) (explaining there is a

"long-standing policy against piecemeal litigation").  For the above reasons, the Court finds it is appropriate to issue a stay to allow the contracting officer time to decide ECI's claim on the final versions of the interim and final CPAR's.

Conclusion

Based on the foregoing, the Government's motion to dismiss portions of ECI's amended complaint for lack of subject matter jurisdiction is DENIED.  The case is STAYED for 30 days to allow the contracting officer time to render a final decision on the final versions of the interim and final CPAR's.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge